UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JENNAFER AYCOCK,<br><br>Plaintiff,<br><br>v.<br><br>JPMORGAN CHASE BANK, N.A.; EXPERIAN INFORMATION SOLUTIONS, INC.; TRANS UNION, LLC; EQUIFAX INFORMATION SERVICES, INC.<br><br>Defendants. | Case No. 2:23-cv-00294-MMD-EJY<br><br>**ORDER** |

Pending before the Court is the Joint Status Report re Hearing on Discovery Motions. ECF No. 87. This Report follows the March 20, 2024 hearing addressing, *inter alia*, JPMorgan Chase Bank N.A.'s Motion for Protective Order. ECF No. 73. The Court first addresses the extension of discovery. The period in which all discovery must be completed is extended to July 31, 2024; provided, however, this excludes the depositions of out-of-country witnesses some of whom may qualify as Chase's "managing agents." More than 60 days will be required to complete these depositions.

Second, with respect to Chase's Motion for Protective Order, the Court previously considered and found the depositions of the Chase employees who were indisputably responsible for the investigations and decisions regarding Plaintiff's Automatic Credit Dispute Verifications (the "Disputes") submitted in July and August 2021, and October 2022, are proportionate to the needs of the case. ECF No. 86 at 2-6 (March 20, 2024 Hearing Transcript).

Third, the question remains whether the depositions of Chase's current employees (the exact number not yet determined) who investigated and issued decisions pertaining to Plaintiff's Disputes are "managing agents" under Fed. R. Civ. P. 30(b)(1). Under the overarching guidelines provided in Rule 1 of the Federal Rules of Civil Procedure and the Court's broad authority to manage discovery, the Court sought Chase's agreement to Plaintiff deposing three current employees who investigated and issued decisions regarding Plaintiff's Disputes as percipient witnesses and not as

"managing agents." Chase refused this compromise despite the Court's proportionality finding. ECF No. 87.

Accordingly, IT IS HEREBY ORDERED that discovery, except the deposition of Defendant's employees responsible for the investigation and decisions regarding Plaintiff's Disputes, **must** be completed no later than **July 31, 2024**.

IT IS FURTHER ORDERED that Defendant **must** file a supplemental brief, not to exceed ten (10) pages, providing the following to the Court.

1. The identities of the employees who conducted the investigations into the eight Automatic Credit Disputes submitted by Plaintiff. Chase must provide the name and title of each employee identified, the date of the Dispute investigated, and the date the decision was issued for each Dispute identified.

2. The memorialized job description (no matter the format) for employees identified in response to item number 1. If there is no memorialized job description, Chase must provide a detailed description of job responsibilities through a declaration attached to Defendant's supplemental brief.

3. The identities of the employees who "determined that Plaintiff was responsible for the balance of the" account in dispute. *See* ECF No. 73 at 3:18-19. If the persons identified are not the same individuals as identified in response to item number 1 above, Chase must state the name and title of the individuals identified and provide the job description for these individuals in compliance with the requirements in item 2 above.

4. The chain of command for the employees who investigated and made the decisions regarding each of Plaintiff's Disputes. The Court seeks the title of the immediate supervisors and the persons to whom the immediate supervisors reported at the time of the decision. Chase must also provide the job descriptions for these individuals in compliance with item 2 above.

5. The names and titles of any employee who performed investigations and made decisions regarding Plaintiff's Disputes who remain employed by Chase in any capacity, as well as the names and titles of those no longer employed by Chase in any capacity.

6. For those still employed by Chase, but no longer in the same position they were in at the time the investigation and decisions were made regarding Plaintiff's Disputes, provide the employee's current title and job description in compliance with item 2 above.

7. Provide the written "objective criteria" and "rigid[] … policies and procedures" identified by Chase at the March 20, 2024 hearing. ECF No. 86 at 12:15-16; 13:1-2.

IT IS FURTHER ORDERED that any documents requested by the Court deemed confidential by Chase may be marked "confidential" and filed under seal. No motion to seal is necessary. The documents must be served on Plaintiff.

IT IS FURTHER ORDERED that Defendant's supplemental brief should not address proportionality.

IT IS FURTHER ORDERED that Defendant's supplemental brief is due no later than **May 16, 2024**, and is not to exceed ten (10) pages.

IT IS FURTHER ORDERED that Plaintiff may file a response to Defendant's supplemental brief no later than **May 28, 2024**. Plaintiff should not address proportionality in her response. Plaintiff's supplemental brief is not to exceed ten (10) pages.

IT IS FURTHER ORDERED that if the parties negotiate a resolution regarding depositions of Chase's current employees who remain in the same positions they were in when they conducted the investigation and issued the decisions regarding Plaintiff's Disputes, the parties must file a notice with the Court regarding the same (no details needed) that withdraws Defendant's Motion for Protective Order (without prejudice).

Dated this 2nd day of May, 2024.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE